SMITH, STRATTON,
WISE, HEHER & BRENNAN, LLP
2 RESEARCH WAY
PRINCETON, NEW JERSEY 08540
(609) 924-6000
*Attorneys for Defendants:* MEADOWBROOK INC. AND STAR INSURANCE COMPANY

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATEWIDE INSURANCE FUND, a joint insurance fund in the State of New Jersey, | Civil Action No.: |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| STAR INSURANCE COMPANY and MEADOWBROOK INC., | ***Document Filed Electronically*** |
| Defendants. | |

Defendants Star Insurance Company ("Star") and Meadowbrook, Inc. ("Meadowbrook") (collectively "Defendants"), pursuant to 28 U.S.C. 1441, *et seq.*, hereby respectfully submit this Notice of Removal in connection with the civil action titled *Statewide Insurance Fund v. Star Insurance Company, et al.,* pending in the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1645-17, and state as follows:

1.     Defendant Star first received a copy of the summons and complaint in this action on May 11, 2017.

2.     Defendant Meadowbrook first received a copy of the summons and complaint in this action on May 11, 2017.

3.     When this action was filed in state court, Defendant Star was and is incorporated under the laws of the State of Michigan with its principal place of business in Michigan.

5.     When this action was filed in state court, Defendant Meadowbrook was and is incorporated under the laws of the State of Michigan with its principal place of business in Michigan.

6.     Upon information and belief, when this action was filed and at the present time, the plaintiff, *Statewide Insurance Fund* ("Statewide"), was and is a public entity joint insurance fund under the laws of the State of New Jersey, with its principal place of business in New Jersey.

7.     The complaint (the "Complaint") in this action seeks insurance coverage in connection with an underlying action filed by the Estate of Erza Cornman against the City of Long Branch styled *The Estate of Cornman v. City of Long Branch, et al.*, Docket Number MON-L-2443-14 (the "Underlying Action").  The Underlying Action arose after the July 18, 2012 death of Ezra Cornman relating to an incident involving a sand burial on the Great Lawn Beach in the City of Long Branch on July 17, 2012.

8.     The Complaint alleges that Star and Meadowbrook are obligated to contribute to costs incurred in defending and settling the claims in the Underlying Action.  Plaintiff seeks coverage under an Excess Liability policy that Star issued effective during the policy period January 1, 2012 to January 1, 2013 (the "Star Policy").

- 2 -

9.     The Complaint asserts that insurers, Statewide and Greenwich Insurance Company ("Greenwich"), have provided the City with a defense in connection with the Underlying Action.  However, the Complaint further alleges that Star must also provide coverage to the City in connection with the Underlying Action.

10.     The complaint includes two Counts against Star and Meadowbrook. In Count One Statewide seeks a declaration that Star and/or Meadowbrook are obligated to provide insurance coverage to the City in connection with the Underlying Action.  In Count Two, Statewide further seeks a declaration that the Star Policy is primary and Plaintiff's policy is excess with respect to the claims asserted in the Underlying Action.

11.     The Complaint does not demand a specific dollar amount.  However, the complaint seeks a declaration that Star and Meadowbrook must provide coverage for any amount that the City incurs in defense and indemnity costs in excess of $1MM in connection with the Underlying Action. Therefore, given the nature of the injury alleged in the Underlying Action, upon information and belief, the amount in controversy in this action exceeds $75,000.

12.     This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that, upon information and belief, the plaintiff and each of the defendants are citizens of different states and the matter in controversy exceeds the sum of $75,000.  Consequently, this matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446.

13.     Attached to this Notice of Removal are copies of all papers received by Defendants in this action, which include:  the plaintiff's summons and complaint.

**SMITH, STRATTON,**
**WISE, HEHER & BRENNAN, LLP**

By:      /s/ Thomas E. Schorr
         Thomas E. Schorr
         *Attorneys for Defendants*
         Star Insurance Company and
         Meadowbrook Inc.

Dated:   June 7, 2017
        Princeton, New Jersey

6102-06 – dls

**TRICIA E. HABERT, ESQUIRE - #044671993**
**MAYFIELD, TURNER, O'MARA & DONNELLY, P.C.**
2201 Route 38, Suite 300
Cherry Hill, New Jersey 08002
(856) 667-2600
Attorneys for Plaintiff, Statewide Insurance Fund

| | |
|---|---|
| STATEWIDE INSURANCE FUND, a joint insurance fund in the State of New Jersey, | : SUPERIOR COURT OF NEW JERSEY LAW DIVISION : MONMOUTH COUNTY |
| Plaintiff, | : Docket Number:  MON-L-1645-17 : CIVIL ACTION |
| v. | : |
| STAR INSURANCE COMPANY and MEADOWBROOK, INC. | : **SUMMONS** |
| Defendants. | : |

From the State of New Jersey to the Defendant named above:

**Meadowbrook, Inc.**
**c/o Century Insurance Group**

   The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The Declaratory Judgment Complaint attached to this Summons states the basis of this lawsuit.   If you dispute this Declaratory Judgment Complaint you or your attorney must file a written Answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within 35 days of the date you received this Summons, not counting the date you received it. (The address of each Deputy Clerk of the Superior Court is provided.)   If the Declaratory Judgment Complaint is one in foreclosure, then you must file your written Answer or motion and proof of service with the Treasurer, State of New Jersey, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971.  A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your Answer or motion when it is filed.  You must also send a copy of your Answer or motion to plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above.   A telephone call will not protect your rights; you must file and serve a written Answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

Dated:  5/10/17

*Michelle M. Smith*
Clerk
SUPERIOR COURT OF NEW JERSEY

Name of Defendant to be Served:      Meadowbrook, Inc.
Address of Defendant to be Served:   c/o Century Insurance Group
                                     1520 U.S. Route 130
                                     Suite 206
                                     North Brunswick, NJ  08902

**ATLANTIC COUNTY**
Deputy Clerk of the
Superior Court
1201 Bacharach Blvd
1st Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY**
Deputy Clerk of the
Superior Court
Justice Center, Room 415,
10 Main Street,
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY**
Deputy Clerk of the
Superior Court
Burlington County Central
Processing Office
ATTN: Judicial Intake,
Courts Facility
1st Floor,
49 Rancocas Road, P.O.
Box 6555
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY**
Deputy Clerk of the
Superior Court
Civil Processing Office
Hall of Justice, Suite 150
101 South 5th Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 338-9227

**CAPE MAY COUNTY**
Deputy Clerk of the
Superior Court
4 Moore Road, DN-203
Cape May Court House,
NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY**
Deputy Clerk of the
Superior Court
Cumberland County Civil
Case Management Office
Cumberland County
Courthouse,
Broad and Fayette Streets
P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY**
Deputy Clerk of the
Superior Court
113 Essex County Courts
Bldg.
50 W. Market Street
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-7753
LEGAL SERVICES
(973) 824-3000

**GLOUCESTER COUNTY**
Deputy Clerk of the
Superior Court
Courthouse, 1st Floor
1 North Broad Street
P.O. Box 881
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY**
Deputy Clerk of the
Superior Court
Hudson Fee Office:
Civil/Special Civil
Violations/General Equity
Administration Bldg.,
Room G-9
595 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY**
Deputy Clerk of the
Superior Court
Civil Division Office
Hunterdon County Justice
Center,
65 Park Avenue, P.O. Box
728
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY**
Deputy Clerk of the
Superior Court
Mercer County Central
Finance Office
175 S. Broad Street, 2nd
Floor
P.O. Box 8068
Trenton, NJ 08650-0068
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY**
Deputy Clerk of the
Superior Court
ATTN:  Law Division,
Middlesex Vicinage
Administration Bldg., 3rd
Floor, 1 Kennedy Sq.
P.O. Box 2633
New Brunswick 08903-
2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY**
Deputy Clerk of the
Superior Court
Courthouse, 71
Monument Pk.
P.O. Box 1260
Freehold, NJ 07728-1260
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY**
Deputy Clerk of the
Superior Court
Morris County Civil
Division
P.O. Box 910
Morristown, NJ 07963-
0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 258-6911

**OCEAN COUNTY**
Deputy Clerk of the
Superior Court
Civil Case Intake
121 Courthouse, 118
Washington St.
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY**
Deputy Clerk of the
Superior Court
Passaic County Civil
Division Office,
Courthouse
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY**
Deputy Clerk of the
Superior Court
92 Market Street, P.O. Box
29
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 964-2010

**SOMERSET COUNTY**
Deputy Clerk of the
Superior Court
Civil Division Office,
Courthouse
3rd Floor, P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY**
Deputy Clerk of the
Superior Court
Sussex County Civil
Division
Sussex County Judicial
Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY**
Law Division
Deputy Clerk of the
Superior Court
Courthouse, Room 107,
2 Broad Street
Elizabeth NJ 07207
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY**
Deputy Clerk of the
Superior Court
Warren County Civil
Division Office,
Courthouse,
413 Second Street
P.O. Box 900
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 267-5882
LEGAL SERVICE
(908) 475-2010

6102-06 – dls

**TRICIA E. HABERT, ESQUIRE - #044671993**
**MAYFIELD, TURNER, O'MARA & DONNELLY, P.C.**
2201 Route 38, Suite 300
Cherry Hill, New Jersey 08002
(856) 667-2600
Attorneys for Plaintiff, Statewide Insurance Fund



F I L E D

APR 28 2017

MONMOUTH VICINAGE
CIVIL DIVISION     246

| | |
|---|---|
| STATEWIDE INSURANCE FUND,<br>a joint insurance fund in the State<br>of New Jersey, | : SUPERIOR COURT OF NEW JERSEY<br>  LAW DIVISION<br>: MONMOUTH COUNTY |
| Plaintiff, | : Docket Number:  MON-L-1645-17 |
| v. | : CIVIL ACTION<br>: |
| STAR INSURANCE COMPANY and<br>MEADOWBROOK, INC. | :<br>:  **DECLARATORY JUDGMENT**<br>   **COMPLAINT** |
| Defendants. | : |

Plaintiff, Statewide Insurance Fund, a joint insurance fund in the State of New Jersey, by way of Complaint against Defendants Star Insurance Company ("Star") and Meadowbrook, Inc. says:

1.    Plaintiff Statewide Insurance Fund is a joint insurance fund whose members include public entities including counties, municipalities, utility authorities and emergency service entities within the State of New Jersey including at all relevant times the City of Long Branch.

2.    At all relevant times Plaintiff provided auto and general liability coverage to its members including the City of Long Branch under Policy Number SIF2012, effective 1/1/12 to 1/1/13, with limits of $10,000,000 per occurrence.

3.    Plaintiff's policy does not cover law enforcement activities.

4.     At all relevant times, the City of Long Branch, through its broker, procured additional policies of insurance covering law enforcement liability through Greenwich Insurance Company ("Greenwich") under Policy Number LEI9517237, effective 1/1/12 to 1/1/13 and public entity excess liability through Star Insurance Company under Policy Number CP 0641963, effective 1/1/12 to 1/1/13.

5.     The Greenwich law enforcement liability policy does not cover general liability.

6.     The Greenwich policy has a $1,000,000 per occurrence and $1,000,000 aggregate limit.

7.     The Star policy cover page states Star is "A member of Meadowbrook Insurance Group."  Upon information and belief, Meadowbrook adjusts claims on behalf of Star.

8.     The Star policy incorporates a $1,000,000 Self-Insured Retention ("SIR") Endorsement which provides that the policy's coverage applies in excess of the SIR.

9.     This litigation arises out of and/or relates to an incident that occurred on the Great Lawn Beach in the City of Long Branch ("City") on July 17, 2012, in which a child, Ezra Cornman, became buried in beach sand, succumbed to injuries as a result and died on July 18, 2012.

10.    On July 1, 2014 a wrongful death, survival and *Portee v. Jaffee* action was filed against the City and several City employees by certain family members of Ezra Cornman including Steven Cornman as administrator of his estate, which action is captioned *Steven Cornman, as Administrator* [of the]

2

*Estate of Ezra S. Cornman, Deceased Minor, and Individually; Caroline Cornman Individually; Rachel Cornman, an infant, by her Guardian Ad Litem Steven Cornman; and Jacob Cornman, an infant, by his Guardian Ad Litem Steven Cornman v. City of Long Branch and Alexandra Marchese in her official and individual capacities, and Luis Arrufat in his official and individual capacities and Andrew Rohrman in his official and individual capacities and Wes Lehman in his official and individual capacities and Daniel D. George in his official and individual capacities and Jeanellie Reyes in her official and individual capacities and John Doe-City of Long Branch 1-98 and Jane Doe-City of Long Branch 1-100 and John Doe 1-10 and Jane Doe 1-10 and XYZ Company/Corporation 1-10 (fictitious names),* bearing docket number MON-L-2443-14 ("*Cornman* action").

11.    Plaintiff is providing the City and several of its employees with a defense in the *Cornman* action with respect to claims sounding in general liability.

12.    Greenwich is providing a defense to City employee defendants in the *Cornman* action with respect to claims sounding in law enforcement liability.

13.    Plaintiff tendered the *Cornman* action to Star/Meadowbrook on August 4, 2015.

14.    Star/Meadowbrook informally *via* email advised Plaintiff on January 4, 2016 that its coverage position is that pursuant to the Star policy's SIR endorsement, the Star policy is not triggered until the City has paid $1,000,000 on its own behalf, from its own funds and out of its own coffers.

15.    Star therefore contends that since the City is being defended by insurers and not incurring defense costs out of its own pocket, that the SIR has not been met and will not be met and/or coverage under the Star policy will not be triggered until those policies are both exhausted and then only after the City has paid $1,000,000 out of its own funds.

16.    On February 15, 2017 Star/Meadowbrook issued its formal letter stating its coverage position as paraphrased herein.

17.    Upon information and belief, only a fraction of the Greenwich policy's $1,000,000 aggregate limit remains, which means the City will be uninsured for law enforcement-related claims when that policy is exhausted in view of Star's refusal to provide indemnity until the City has paid $1,000,000 out of its own funds and coffers.

18.    Star improperly declined coverage to the City under a misinterpretation of its policy's SIR endorsement.

19.    The Star policy does not prohibit the City from purchasing insurance to indemnify the City with respect to its SIR.

20.    It is against public policy for an insurer to prohibit a public entity from purchasing insurance to cover a self-insured retention under an excess liability policy.

21.    The Star policy SIR is satisfied, and coverage under the Star policy is triggered, when $1,000,000 has been paid by Plaintiff and/or Greenwich combined in defense of the City and its employees in the *Cornman* action.

22.    Plaintiff's policy is excess to the Star policy once the Star policy is triggered.

4

23.    As an insurer currently funding the defense of the City and its employees in the *Cornman* action, Plaintiff has standing to seek a declaratory judgment as to coverage under the Star Insurance policy which also owes the City and its employees coverage for the *Cornman* action.

24.    Declaratory relief from this Court will terminate the disputes between and among Plaintiff and Star regarding such coverage and defense obligations, specifically, the Court's declaration as to the interpretation of the Star policy will determine whether the City's SIR under the Star policy will be satisfied, and the Star policy therefore triggered, once the payments by Plaintiff and Greenwich total $1,000,000, or whether, as Star asserts, the $1,000,000 can only be satisfied out of the City's own coffers, in which case the Plaintiff would stand to exhaust its $10,000,000 in coverage before the City would incur costs to be paid out of its own coffers, and also in which case the City will be uninsured for law enforcement-related claims upon exhaustion of the Greenwich $1,000,000 aggregate limit, and whether the Plaintiff's policy is excess to the Star policy once the Star policy is triggered.  (*N.J.S.* §2A:16-52 et seq.)

25.    Declaratory relief from this Court will remove uncertainty as to the respective coverage and defense obligations of Plaintiff and Star as pertain to the *Cornman* action.  (*N.J.S.* §2A:16-52 et seq.)

## COUNT I.

26.    Plaintiff repeats and herein incorporates by reference the averments of the preceding paragraphs as if same were fully set forth herein.

5

27.   The Star policy does not prohibit the City from insuring its SIR under the Star policy.

28.   It is against public policy to preclude a public entity from insuring a $1,000,000 SIR and/or to require that a $1,000,000 SIR must be paid from a public entity's own coffers.

29.   Star's/Meadowbrook's declination of coverage is erroneous.

30.   Star's/Meadowbrook's declination of coverage is improper.

31.   Star's/Meadowbrook's declination of coverage violates public policy.

32.   Star owes the City and its employees coverage for the *Cornman* action.

33.   Star's/Meadowbrook's improper, erroneous and wrongful declination of coverage to the City and its employees has caused damages to Plaintiff, specifically, exposure of Plaintiff's $10,000,000 policy limits which, after the first $1,000,000 paid by Plaintiff and/or Greenwich combined, is excess to the Star policy.

**WHEREFORE**, Plaintiff Statewide Insurance Fund demands judgment against Star and Meadowbrook jointly and severally, as follows:

a.   declaring and adjudging that the Star Policy provides coverage for the *Cornman* action;

b.   declaring and adjudging that the City will have satisfied the Star policy's Self-Insured Retention after the first $1,000,000 is paid by the Plaintiff and/or Greenwich on the City's behalf in the *Cornman* action;

c.      declaring that the Star policy is triggered upon the combined payments of the first $1,000,000 by the Plaintiff and/or Greenwich on the City's behalf in the *Corman* action;

d.      declaring that Star's/Meadowbrook's declination of coverage to the City and its employees for the *Corman* action is erroneous, improper and against public policy;

e.      otherwise declaring and adjudging the rights of the parties under the Star policy; and

f.      for such other relief as the court deems equitable, appropriate and just.

## COUNT II.

34.     Plaintiff repeats and herein incorporates by reference the averments of the preceding paragraphs as if same were fully set forth herein.

35.     Plaintiff's policy provides, *via* the Public Entity General Liability Coverage Form:

**SECTION I-COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**I. Insuring Agreement**

> **We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies.  We will have the right and duty to defend any suit seeking those damages. . .**

7

**(1) The amount we will pay for damages is limited as described in Section III Limits of Liability; . . .**

. . .

**B.   This insurance applies to bodily injury and property damage only if:**

> **(1)   The bodily injury or property damage is caused by an occurrence that takes place in the coverage territory;**
>
> **(2)   The bodily injury or property damage occurs during the policy period.**

**C. Damages because of bodily injury include damages claimed by any person or organization for care, loss of services or death resulting at any time from bodily injury.**

36.      The Public Entity General Liability Coverage Form of Plaintiff's

policy provides, in an "Other Insurance" clause under Section IV – Public

Entity General Liability Conditions:

. . .

**3.  Other Insurance.**

**The insurance afforded by this policy is excess over any other valid and collectible insurance or self-insurance.**

**When this insurance is excess we will have no duty under Coverage A [bodily injury and property damage liability] or B [personal and advertising injury liability] to defend any claim or suit that any other insurer has a duty to defend.  If no other insurer defends, we will undertake to do so but we will be entitled to the Insured's rights against all those other insurers.**

8

> When this insurance is excess of other insurance, we will pay only our share of the amount of loss, if any, that exceeds the sum of:
>
> > (1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
> >
> > (2) The total of all deductible and self-insured amounts under all that other insurance.

[Bracketed language added for clarification]

37.    The Star policy's Commercial General Liability Coverage Form insuring agreement under Section I – COVERAGES for Coverage A Bodily Injury provides:

> 1. Insuring Agreement.
>
> > a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. . .

38.    The Star policy provides, under SECTION IV – COMMERCIAL GENERAL LIABILTY CONDITIONS, the "Other Insurance" clause:

> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A [bodily injury and property damage] or B [personal and advertising injury liability] of this Coverage Part, our obligations are limited as follows:
>
> > a.  Primary Insurance

9

**This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.**

**b. Excess Insurance**

**This insurance is excess over any of the other Insurance, whether primary, excess, contingent or on any other basis:**

**(1) That is Fire, Extended Coverage, Builders Risk, Installation Risk or similar coverage for "your work;"**

**(2) That is Fire Insurance for the premises rented to you; or**

**(3) If the loss arises out the maintenance or use of an aircraft, "autos" or watercraft . . .**

**When this insurance is excess, we will have no duty. . .to defend. . . .**

. . .

[Bracketed language added for clarification]

39.    The Star policy's "Other Insurance" clause renders the Star policy primary except as to other insurance that is fire, extended coverage, builder's risk, installation risk, or covering loss arising out of the maintenance or use of aircraft, autos or watercraft.

10

40.     The Star policy is primary coverage for the City for the *Cornman* action after that policy's SIR is satisfied.

41.     Plaintiff's policy's "Other Insurance" clause renders Plaintiff's policy excess once the Star policy is triggered since, on its terms, the "Other Insurance" provision of Plaintiff's policy provides that Plaintiff's policy "is excess over any other valid and collectible insurance or self-insurance."

42.     Star's/Meadowbrook's improper, erroneous and wrongful declination of coverage to the City and its employees has caused damages to Plaintiff, specifically, exposure of Plaintiff's $10,000,000 policy limits which, after the first $1,000,000 paid by Plaintiff and/or Greenwich combined, is excess to the Star policy.

**WHEREFORE,** Plaintiff Statewide Insurance Fund demands judgment against Star and Meadowbrook jointly and severally, as follows:

a.     declaring and adjudging that the Star Policy provides coverage for the *Cornman* action;

b.     declaring and adjudging that the City will have satisfied the Star policy's Self-Insured Retention after the first $1,000,000 is paid by Plaintiff and/or Greenwich on the City's behalf in the *Cornman* action;

c.     declaring that the Star policy is triggered upon the combined payments of the first $1,000,000 by the Plaintiff and/or Greenwich on the City's behalf in the *Cornman* action;

d.     declaring that upon the Star policy being triggered, that the Star policy is primary and Plaintiff's policy is excess as to the *Cornman* action;

11

    e.    declaring that Star's/Meadowbrook's declination of coverage to the City and its employees for the *Comman* action is erroneous, improper and against public policy;

    f.    otherwise declaring and adjudging the rights of the parties under the Star policy; and

    g.    for such other relief as the court deems equitable, appropriate and just.

## CERTIFICATION PURSUANT TO RULE 4:5-1

1.    The matter in controversy relates to the subject matter of another action pending in this Court captioned *City of Long Branch v. Star Insurance Company, et al,* Docket Number MON-L-1237-17 and also relates to the action pending in this Court captioned *Comman, et al v. City of Long Branch, et al,* MON-L-2443-14.

2.    Another action or arbitration proceeding is not contemplated.

3.    The names and addresses of any other party who should be joined in the action are:  None.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

**PLEASE BE NOTIFIED** that pursuant to 4:25-4, Francis X. Donnelly, Esquire, is hereby designated as trial counsel in the above-captioned litigation on behalf of the firm of Mayfield, Turner, O'Mara & Donnelly, P.C.

12

DEMAND is hereby made for a trial by jury as to all issues so triable

under the law.

MAYFIELD, TURNER, O'MARA & DONNELLY, P.C.
Attorneys for Plaintiff,
Statewide Insurance Fund


BY: _____
TRICIA E. HABERT
FRANCIS X. DONNELLY

13

05/10/2017   08:57                                (FAX)                          P.023/025

Appendix XII-B1

| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|

**CIVIL CASE INFORMATION STATEMENT (CIS)**

Use for Initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE:  ☐ CK  ☐ CG  ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| TRICIA E. HABERT, ESQUIRE | (856) 667-2600 | Monmouth |

| FIRM NAME  (if applicable) | DOCKET NUMBER  (when available) |
|---|---|
| MAYFIELD, TURNER, O'MARA & DONNELLY, P.C. | MON-L-1645-17 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 2201 Route 38 Suite 300 Cherry Hill, NJ  08002 | Declaratory Judgment Complaint |
| | JURY DEMAND   ■ Yes   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Statewide Insurance Fund, a joint Insurance fund in the State of New Jersey, Plaintiff | Statewide Insurance Fund, a joint insurance fund in the State of New Jersey v. Star Insurance Company and Meadowbrook, Inc. |

| CASE TYPE NUMBER (See reverse side for listing) 505 | HURRICANE SANDY RELATED? ☐ YES   ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ■ Yes   ☐ No | IF YES, LIST DOCKET NUMBERS MON-L-1237-17 |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes   ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY  (if known) N/A | ☐ NONE ☐ UNKNOWN |
|---|---|---|

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ Yes   ■ No | IF YES, IS THAT RELATIONSHIP? ☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain) ☐ FAMILIAL   ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ■ YES   ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes   ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES   ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

**Track III - 450 days' discovery**
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | |
|---|---|
| 271  ACCUTANE/ISOTRETINOIN | 292  PELVIC MESH/BARD |
| 274  RISPERDAL/SEROQUEL/ZYPREXA | 293  DEPUY ASR HIP IMPLANT LITIGATION |
| 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295  ALLODERM REGENERATIVE TISSUE MATRIX |
| 282  FOSAMAX | 296  STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285  STRYKER TRIDENT HIP IMPLANTS | 297  MIRENA CONTRACEPTIVE DEVICE |
| 286  LEVAQUIN | 299  OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287  YAZ/YASMIN/OCELLA | 300  TALC-BASED BODY POWDERS |
| 289  REGLAN | 601  ASBESTOS |
| 290  POMPTON LAKES ENVIRONMENTAL LITIGATION | 623  PROPECIA |
| 291  PELVIC MESH/GYNECARE | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category** ☐ Putative Class Action        ☐ Title 59

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD          NJ 07728

COURT TELEPHONE NO. (732) 677-4240          TRACK ASSIGNMENT NOTICE
COURT HOURS  8:30 AM - 4:30 PM

                              DATE:    MAY 04, 2017
                              RE:      STATEWIDE INSURANCE FUND VS STAR INS CO ET AL
                              DOCKET: MON L -001645 17

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMIE S. PERRI

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT: (732) 677-4262 EXT 4262.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

                    ATTENTION:
                              ATT: TRICIA E. HABERT
                              MAYFIELD TURNER ET AL
                              2201 ROUTE 38
                              SUITE 300
                              CHERRY HILL,       NJ 08002-4109

JUDRIC06